# CIVIL COVER SHEET

ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Glenn Robbins, On Behalf of Himself and All Others Similarly Situated, and Derivatively on Behalf of Packaged Ice, Inc.

## DEFENDANTS
William P. Brick, Jimmy C. Weaver, A.J. Lewis III, Tracy L. Noll, Robert G. Miller, Steven P. Rosenberg, and Richard A. Coonrod, and Packaged Ice, Inc., a Texas Corporation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Florida (upon information and belief)
(EXCEPT IN U.S. PLAINTIFF CASES)

RECEIVED IN DROP BOX
JUL 25 2003
CLERK OF COURT
NORTHERN DISTRICT OF TEXAS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Denton County, Texas
(IN U.S. PLAINTIFF CASES ONLY)
IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joe Kendall
Willie Briscoe
Provost & Umphrey Law Firm, LLP
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
(214) 744-3015

ATTORNEYS (IF KNOWN)
Orrin Harrison, III
Gregory P. Laird
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201
(214) 969-2800

**3-03CV1687-M**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizenship of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1441, 1446 and 15 U.S.C. § 77p(c), 78bb(f)(2)

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND: Exceeds

CHECK YES only if demanded in complaint.
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
County Court at Law No. 3 of Dallas County, Texas, Cause Number CC-03-06055-C, *Imperial County, On Behalf of Itself and All Others Similarly Situated, and Derivatively on Behalf of Packaged Ice, Inc. vs. William P. Brick, Jimmy C. Weaver, A.J. Lewis III, Tracy L. Noll, Robert G. Miller, Steven P. Rosenberg, and Richard A. Coonrod, Defendants, and Packaged Ice, Inc., a Texas Corporation, Nominal Defendant* (Judge Sally Montgomery)

DATE: July 25, 2003

SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b.) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

ORIGINAL

# United States District Court
# Northern District of Texas



RECEIVED IN DROP BOX
JUL 25 2003
CLERK OF COURT
NORTHERN DISTRICT OF TEXAS

## Supplemental Civil Cover Sheet For Cases Removed From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

3-03CV1687-M

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | County Court at Law No. 1<br>Dallas County, Texas | CC-03-06056-A |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Glenn Robbins, On Behalf of Himself and All Others Similarly Situated, and Derivatively on Behalf of Packaged Ice, Inc., Plaintiff | Joe Kendall<br>Willie Briscoe<br>Provost & Umphrey Law Firm, LLP<br>3232 McKinney Avenue, Suite 700<br>Dallas, Texas 75204<br>(214) 744-3015 |
   | William P. Brick, Jimmy C. Weaver, A.J. Lewis II, Tracy L. Noll, Robert G. Miller, Steven P. Rosenberg and Richard A. Coonrod, Defendants, and<br>Packaged Ice, Inc., a Texas corporation, Nominal Defendant | Orrin L. Harrison, III<br>Gregory P. Laird<br>Akin Gump Strauss Hauer & Feld LLP<br>1700 Pacific Avenue, Suite 4100<br>Dallas, Texas 75201-4675<br>(214) 969-2800 |

**Supplemental Civil Cover Sheet**
**Page 2**

3. **Jury Demand:**

   Was a Jury Demand made in State Court?        ___ Yes    _X_ No

   If "*Yes*," by which party and on what date?

   _____        _____
   Party                                  Date

4. **Answer:**

   Was an Answer made in State Court?        _X_ Yes    ___ No

   If "*Yes*," by which party and on what date?

   All Defendants                            6/24/2003
   Party                                     Date

5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   **Party**                                 **Reason(s) for No Service**

   None

6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   **Party**                                 **Reason**

   None

**Supplemental Civil Cover Sheet**
**Page 3**

7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   | Party | Claim(s) |
   |---|---|
   | Plaintiff | Plaintiff asserted five causes of action against all Defendants. Count I was a class action on behalf of himself and all other public shareholders of Packaged Ice common stock alleging claims for breaches of fiduciary duty against all Directors of Packaged Ice. Counts II-V were derivative claims on behalf of Packaged Ice for corporate waste, abuse of control, breach of fiduciary duty, and unjust enrichment against all of the Directors. Each of the causes of action alleged by the Plaintiff stem from a proposed merger transaction involving Packaged Ice. |

683677v1

ORIGINAL



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 2 5 2003
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLENN ROBBINS, On Behalf of Himself and All Others Similarly Situated, and Derivatively on Behalf of PACKAGED ICE, INC., <br><br>Plaintiff, <br><br>vs. <br><br>WILLIAM P. BRICK, JIMMY C. WEAVER, A.J. LEWIS III, TRACY L. NOLL, ROBERT G. MILLER, STEVEN P. ROSENBERG and RICHARD A. COONROD, <br><br>Defendants, <br><br>and <br><br>PACKAGED ICE, INC., a Texas corporation, <br><br>Nominal Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § § <br><br> **3-03CV1687-M** <br><br>CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants William P. Brick, Jimmy C. Weaver, A.J. Lewis II, Tracy L. Noll, Robert G. Miller, Steven P. Rosenberg and Richard A. Coonrod and Packaged Ice, Inc., a Nominal Defendant (collectively "Defendants") respectfully notify the Court that they have removed this action including all claims and causes of action therein from the County Court at Law Number 1 of Dallas County, Texas to this Court, pursuant to 28 U.S.C. Sections 1331, 1367, 1441 and 1446, and the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. Section 77p(c)

NOTICE OF REMOVAL                                                                                           Page 1

and 78bb(f)(2). As grounds for removal and in support thereof, Defendants would respectfully show the Court as follows:

## GENERAL INFORMATION AND BACKGROUND

1. Defendants are parties in a civil action now pending in the County Court at Law No. 1 of Dallas County, Texas, Cause Number CC-03-06056-A, *Glenn Robbins, On Behalf of Himself and All Others Similarly Situated, and Derivatively on Behalf of Packaged Ice, Inc. vs. William P. Brick, Jimmy C. Weaver, A.J. Lewis II, Tracy L. Noll, Robert G. Miller, Steven P. Rosenberg and Richard A. Coonrod, Defendants, and Packaged Ice, Inc., a Texas corporation, Nominal Defendant*. A copy of the Petition in the state court action is included among the documents attached hereto as Exhibit A.[1]

2. Plaintiff commenced the state court action by filing his Original Petition on Friday, May 23, 2003. In that action, Plaintiff asserted five causes of action. Count I was a class action on behalf of himself and all other public shareholders of Packaged Ice common stock alleging state law claims for breaches of fiduciary duty against all Directors of Packaged Ice. Counts II-V were derivative claims on behalf of Packaged Ice for corporate waste, abuse of control, breach of fiduciary duty, and unjust enrichment against all of the Directors. Each of the causes of action alleged by the Plaintiff stem from a proposed merger transaction involving Packaged Ice. Plaintiff appeared to make no allegations of fraud or misrepresentation in the transaction as neither of those words nor those concepts appear on the face of the Petition.

---

[1] A second identical case was filed in the County Court at Law No. 3 of Dallas County, Texas, Cause Number CC-03-06055-C, *Imperial County, On Behalf of Itself and All Others Similarly Situated, and Derivatively on Behalf of Packaged Ice, Inc. vs. William P. Brick, Jimmy C. Weaver, A.J. Lewis III, Tracy L. Noll, Robert G. Miller, Steven P. Rosenberg, and Richard A. Coonrod, Defendants, and Packaged Ice, Inc., a Texas Corporation, Nominal Defendant*. A copy of the Petition in that action is included among the documents attached hereto as Exhibit A. The parties had agreed to consolidate the two actions into this action. At the time of this filing, however, that Order had not been signed. A copy of the draft agreed Order on Motion to Consolidate is included among the documents attached hereto as Exhibit A.

3.  On June 24, 2003 Defendants filed a Motion to Consolidate, Special Exceptions and Motion to Dismiss, or, in the Alternative, Motion to Stay (the "Motion") taking positions based, in whole or in part, on the fact that Plaintiff appeared to make no allegations of fraud or misrepresentation.[2] The Motion is included among the documents attached hereto as Exhibit A.[3]

4.  On July 17, 2003 Defendants were served with Plaintiff's Response to Defendants' Motion (the "Response"). The Response is included among the documents attached hereto as Exhibit A. For the first time in the state court action, Plaintiff alleged that his claims are based on allegations of fraud in the transaction. Specifically, Plaintiff notes that he "has made allegations amounting to fraud in the transaction." *See* Response at 1, 8 (stating that "Texas law recognizes that where Plaintiff's claims of breach of fiduciary duty inherently contain allegations that constitute **fraud**, plaintiff is not limited to appraisal as his only remedy" (emphasis in original)). The Response is the first paper filed in the state court action from which it can be ascertained that this case is one which is or has become removable.

### The Court Has Original Jurisdiction Over the State Court Action

5.  Count I of the state court action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1441, and SLUSA, 15 U.S.C. Sections 77p(c) and 78bb(f)(2).

6.  In Count I of his Petition, Plaintiff asserts, as a purported class action on behalf of himself and "all other public shareholders" of Packaged Ice, a claim that Defendants have violated fiduciary duties of care, loyalty, candor and independence, that the Directors have

---

[2] For example, Defendants took positions based on the fact that Texas law is explicit in that it permits dissenting shareholders a judicial <u>appraisal</u> as the <u>exclusive remedy</u> through which to attain the full and fair value of their stock in a merger in the absence of allegations of fraud in the transaction. *See, e.g.,* Motion at 3, 8.

[3] At the same time, Defendants filed a substantially similar Special Exceptions and Motion to Dismiss, or, in the Alternative, Motion to Stay in the second-filed action. A copy of that motion is included among the documents attached hereto as Exhibit A.

engaged in unlawful self-dealing, and have acted to put their personal interests and/or the interests of the investment group ahead of the interests of Packaged Ice shareholders. *See* Petition at Exhibit A, ¶ 47. In the Response, Plaintiff alleges that these claims are based on allegations of fraud in the transaction. As such, this Court has original jurisdiction over that claim.

7. This Court has jurisdiction over Plaintiff's remaining claims in Courts II-V because they are transactionally related (i.e., "supplemental") to the class action claim as they all pertain to actions of the Board of Directors under the same proposed merger transaction. *See* 28 U.S.C. 1367; *see also, City of Chicago v. International College of Surgeons*, 118 S.Ct. 523, 529-530 (1997).

### Removal is Proper Pursuant to 28 U.S.C. Section 1331, 1441 and 1446(b), and 15 U.S.C. Sections 77p(c) and 78bb(f)(2)

8. Removal of this action to this Court is proper under 28 U.S.C. Sections 1331, 1441 and 1446(b), and SLUSA, 15 U.S.C. Sections 77p(c) and 78bb(f)(2). SLUSA provides for removal to federal court of all "covered class actions" that are commenced after November 3, 1998. *See* 15 U.S.C. §§ 77p(c) and 78bb(f)(2).

9. Plaintiff's first claim is a "covered class action" under SLUSA because it arises under state law and Plaintiff claims to bring this action on behalf of many similarly situated individuals who purportedly have been injured as a result of fraud or misrepresentations made in connection with the sale of "covered securities." *See, e.g.,* 15 U.S.C. § 77p(c); 77p(f)(2)(A); 78bb(f)(2); and 78bb(f)(5)(B).

10. The case involves the sale of "covered securities" under SLUSA because the securities at issue in the proposed merger transaction are listed on the American Stock Exchange. *See* 15 U.S.C. §77p(f)(3); 78bb(f)(5)(E); 77r(b); and 77d(2).

11. Removal of Counts II-V is proper pursuant to 28 U.S.C. § 1331 and 1441(c) because these claims are joined with the covered class action which is within the jurisdiction conferred on this Court by Section 1331.

12. All Defendants have joined in, and consent to, the removal of this action from state court to this federal court.

### Removal is Timely

13. Plaintiff filed the state court action on or about May 23, 2003. *See* Exhibit A. The Summons and Petition in the state court action were served upon named Defendants on or about June 2003.

14. On July 17, 2003 Defendants received, through service, a copy of Plaintiff's Response from which it could be first ascertained that the case is one which is or has become removable.

15. This Notice of Removal is being filed within 30 days of the date from which the Defendants, through service, received a copy of an amended pleading, motion, order or other paper from which it was first ascertained that the case is one which is or has become removable. It is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

### Reservation

16. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, counterclaims and pleas are expressly reserved.

### Conclusion

Based on the foregoing, Plaintiff has brought a "covered class action" in Texas state court involving a "covered security," as those terms are defined in SLUSA, which is removable under

SLUSA. The remaining claims which are not "covered class action" claims are transactionally related to the "covered class action." Thus, this case is properly removed to this Court.

Contemporaneously with the filing of this Notice of Removal, Defendants have filed a Notice of Removal in the State Court and served a copy of both Notices on Plaintiff. Plaintiff is therefore not to proceed any further in the state court action.

Pursuant to 28 U.S.C. § 1446(a), copies of all "process, pleadings, and orders" served on Defendants are attached hereto as Exhibit A.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
ORRIN L. HARRISON, III
State Bar No. 09130700
Attorney in Charge
GREGORY P. LAIRD
State Bar No. 00794131
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201-4675
Telephone: (214) 969-2800
Telecopier: (214) 969-4343

**ATTORNEYS FOR DEFENDANTS
WILLIAM P. BRICK, JIMMY C. WEAVER,
A.J. LEWIS II, TRACY L. NOLL, ROBERT G.
MILLER, STEVEN P. ROSENBERG,
RICHARD A. COONROD and PACKAGED
ICE, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of July, 2003, a true and correct copy of the above and foregoing was sent via hand delivery to the following counsel of record:

Joe Kendall
Willie Briscoe
Provost & Umphrey Law Firm, LLP
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204

_____
Gregory P. Laird

682768 v2